Johnson, Ch.
On reviewing the decree of the Circuit Court, we are entirely satisfied with the general course of reasoning of the Chancellor, and the conclusion to which he came; and a general affirmation of the decree thereof, is all that our duty would seem to require. But the zeal with which the counsel have prosecuted the appeal, has induced me to attempt to put the argument in a different form, with a view to meet some of the arguments which have been urged in its support.
The grounds on which the appellants rely, are:
1st. That it is apparent from the will itself that the testator intended his debts should be paid out of the income of the estate.
2nd. That in the absence of such intention, the income is the legitimate and appropriate fund for the payment of debts.
Without intending to enter upon a minute analysis of all the provisions of the will, it may be remarked without the apprehension of contradiction, that the income is not expressly charged with the payment of debts, and that any deduction from the general tenor of the will leading to that conclusion, is utterly inconsistent with the disposition made of that fund. Out of this fund the testator directs that an annuity of $400 shall be reserved for his natural son, Cornelius, and $140 for Elizabeth Neilson. That out of it $.1000 should be paid to certain Irish r-elations, and that “the balance of the net annual income” should be paid to certain other *173 relations. These are the primary dispositions of the will, and contain a positive and particular disposition of the whole income; and if they stood alone no one would he disposed to question that those legacies would not be bound to contribute to the payment of debts. But the testator has made a like disposition of the corpus of the whole estate, and the question is whether either of the funds are exclusively chargeable with the debts, or are bound to contribute towards them pro rata.
For the defendant it is insisted in the second position, that the income'is the appropriate fund for the payment of debts, and that therefore the debts ought to- be charged on this fund alone; and it is in general true that if there is no other disposition of it, it ought to be so applied. A prudent man would pay his debts out of his income, instead of breaking in upon his capital, and the same prudence ought to enter into the management of his estate by his executors. But the' testator has the right to appropriate what fund he pleases to that purpose, and all these cases are resolved into that question. Out of what fund did the testator intend that his debts should be paid? If he makes only a partial disposition of his estate, the necessary inference is that he intended that his debts should be charged upon the undevised estate, for otherwise his will would be defeated; so if he gives particular or specific legacies to some, and the residue to others, the residue is charged with the payment of debts because the residue consists of what remains after the payment of the particular or specific legacies and debts, and wherever he has particularly and specifically disposed of his whole estate and no fund is left for the payment of debts, it follows that each legatee must contribute or abate in proportion to his legacy, for the obvious reason that there is no guide to the intention of the testator, unless it be that all should abate; and that is precisely this case; for as before remarked, this will contains as unequivocal a disposition of the income as it does of the corpus of the estate. The appeal is therefore dismissed, and the decree of the Circuit Court affirmed.
In anticipation of this result, the pourt has been moved on the part of the appellants to instruct the Commissioner that the debts should be paid out of the annual crops, and the first instalment *174 arising from the sales of the estate. This is an original motion which this Court cannot entertain, its jurisdiction being altogether appellate, nor will the Court anticipate that the Commissioner will decide the question unadvisedly.